(C. D. 723)

Maurice Inman, Inc. *v.* United States

United States Customs Court, Second Division

(Decided January 20, 1943)

*Daniel P. McDonald* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before Tilson and Kincheloe, Judges

Kincheloe, Judge: This is a suit brought by the plaintiff against the United States for the recovery of certain customs duty alleged to have been improperly exacted on an importation of books at the port of New York on November 28, 1939. The merchandise consists of 2 leather-bound books described on the invoice as "Presidents of America—U. S. A.—1789–1932," and designated as items 483 and 486. The said books contained photographs of the Presidents of the United States from George Washington to and including Franklin D. Roosevelt, and documents and letters bearing the signatures of said Presidents. According to the testimony all of said photographs, documents, etc., were made in the United States, and the documents in

the books over 20 years of age represented 90 per centum of the value of such documents, and all the photographs and documents had been prepared and arranged in order for binding, and were sent abroad for that purpose.

While it would appear from the collector's letter transmitting the protest papers to this court that he assessed duty on the imported leather-bound books as entireties, namely, at 20 per centum ad valorem under paragraph 1410 of the Tariff Act of 1930 and the trade agreement with the United Kingdom (T. D. 49753) on both the sheets and pages of the books as well as the leather bindings, as books not specially provided for, the red-ink notations of the Government examiner on the invoice and the liquidation sheet attached to the entry show in fact that the duty of 20 per centum was only assessed on the sheets and pages of said books, and that the leather bindings thereon were assessed separately at only 15 per centum ad valorem under said paragraph and trade agreement.

The protest of the plaintiff nevertheless claims that the imported leather books should not have been assessed as entireties; that the imported merchandise is free of duty under paragraph 1714 of said tariff act as "manuscripts, not specially provided for," and that the leather bindings should have been assessed with duty separately under said paragraph 1410 of said act and trade agreement, as "book bindings wholly or in part of leather, not specially provided for"

By amendment of the protest it is again claimed that the leather bindings are dutiable separately at 15 per centum ad valorem under the above-mentioned provisions, and that the remainder of the merchandise is free of duty under paragraph 1629 of the tariff act, which so far as pertinent, reads as follows:

PAR. 1629. * * * books, * * * photographs, * * * bound or unbound, * * * which have been printed more than twenty years at the time of importation: * * *.

Counsel for the plaintiff in his brief, however, now attempts to invoke an additional claim that the "material contained in the books" should be returned free of duty as "of domestic manufacture," under the provision of paragraph 1410, reading as follows:

* * *. Provided, That exported books of domestic manufacture, when returned to the United States after having been advanced in value or improved in condition by any process of manufacture or other means, shall, under rules and regulations prescribed by the Secretary of the Treasury, be dutiable only on the cost of materials added and labor performed in a foreign country; * * *.

Nathan Ladden appeared as a witness for the plaintiff. He stated that he is secretary of the importing firm, and has been with the firm 16 years; that his duties consist of supervising all importations, sales, and purchases of books and manuscripts; that he has had opportunity

to become acquainted with ancient letters and documents by attending auction sales, examining autographs and books, and placing a value on them; that he saw the merchandise in question when it came into this country (R. 3). We quote further from his testimony as follows:

Q. Did you export to England any part of that imported article?—A. Yes, we gathered the odd lots— I gathered the various documents and letters together with the photographs in sort of book form to send abroad to England to have it rebound in leather.

Q. When you had gathered these documents, was it your intention to make a book out of them?—A. Yes.

Q. And did you get them in the exact order in which you wanted them to appear in this book before you shipped them?—A. Yes.

Q. Now state what, if anything, was done by the person on the other side to whom you sent these documents.—A. What the binder did was to simply file the documents I had given him in the order in which these photographs appeared and bind them up in leather.

Q. As the book before you now appears?—A. Yes, sir.

The witness continued further that the documents sent to England consisted, in a general way, of signatures of the Presidents of the United States, some appearing on documents and some on letters (R. 3).

At this point the book was offered in evidence by counsel for the plaintiff, but was immediately withdrawn by consent, on account of its value.

In answer to certain questions of Judge Kincheloe, the witness further stated that the documents sent over to England to be bound were the imported documents, and that they were all printed or produced in this country (R. 5). It appears further that all of the documents, letters, photographs, and signatures making up the books were more than 20 years old, with the exception of those of or relating to Presidents Hoover and Coolidge. The witness stated also that the documents in the book over 20 years of age represent at least 90 per centum of the value of the documents.

In regard to the first claim of the plaintiff for free entry of the imported merchandise under paragraph 1714 of the act of 1930, as "manuscripts, not specially provided for," the case of United States v. Tice & Lynch, 18 C. C. P. A. 155, T. D. 44363, appears very much in point. There a book which had been bound in leather abroad and containing autographed letters of former Presidents, typewritten transcripts of such letters, printed biographical sketches and pictures of such Presidents, etc., was held to be more than manuscripts, and therefore not free of duty as such under paragraph 1614 of the act of 1922. That would therefore seem to exclude the present merchandise from paragraph 1714 of the present tariff act.

As to the claim for free entry of the imported books, with the exception of the leather bindings thereon, under paragraph 1629 of said

act, as books or photographs, bound or unbound, which have been printed more than 20 years at the time of importation, we think it is obvious from the record that the imported merchandise cannot be said to be printed. But even were it so construed, the merchandise cannot be regarded as books which were printed more than 20 years at the time of importation, as it will be noticed that there is no provision in said paragraph 1629 for books wholly or in chief value of documents which are more than 20 years old, nor one for books composed chiefly of documents which are more than 20 years old. The claim under said paragraph 1629 is therefore also untenable.

Coming now to the claim contained in plaintiff's brief to the effect that the pictures and documents in the imported leather-bound books should be free of duty under said paragraph 1410, as "exported books of American manufacture," returned, etc., we do not find it necessary to consider this additional claim for the reason that it is not covered by either the original or the amended protest. But even if such claim were applicable, no compliance with the regulations of the Secretary of the Treasury under said paragraph has been shown.

In *United States* v. *John Wanamaker*, 20 C. C. P. A. 381, T. D. 46185, certain books of foreign authorship, bound in leather, had been classified by the collector under the provision for "all other, not specially provided for, 25 per cent ad valorem" in paragraph 1310 of the Tariff Act of 1922, which paragraph, so far as relevant, was identical with paragraph 1410 of the present act. It was held by the court in that case that Congress, in providing for "sheets or printed pages of books bound wholly or in part in leather" in said paragraph 1310, did not intend to provide therein for a leather-bound book as an entirety, but intended thereby to make a separate dutiable provision for the sheets and printed pages when imported in leather-bound condition, and made a separate and definite provision for the bindings under the fourth subdivision of the same paragraph, reading, "Book bindings or covers wholly or in part of leather."

Under the *Wanamaker* case, *supra*, and on the record as presented the leather-bound books here in question would seem to be properly dutiable as follows: The sheets or printed pages thereof at 20 per centum ad valorem under said paragraph 1410 of the act of 1930 and said trade agreement with the United Kingdom, and the leather bindings thereon at 15 per centum ad valorem, as book bindings wholly or in part of leather, under the same paragraph and trade agreement.

As this appears to have been the duty assessed on the imported leather-bound books by the collector, so far as we can tell from the record, the protest is therefore overruled. Judgment will be rendered accordingly.